T.C. Summary Opinion 2006-103


UNITED STATES TAX COURT


ELLA M. ROYSTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20407-03S.                 Filed July 12, 2006.


Ella M. Royster, pro se.

<u>Aaron Gregory</u>, for respondent.


WELLS, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.  All subsequent section references are to

the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes of $4,898 and $5,306 for 2001 and 2002, respectively. The issues we must decide are:

1. Whether petitioner is entitled to head of household filing status for taxable years 2001 and 2002;

2. whether petitioner is entitled to claim two dependency exemption deductions for her minor children for taxable years 2001 and 2002;

3. whether petitioner is entitled to claim the earned income credit as an individual with two qualifying children for taxable years 2001 and 2002; and

4. whether petitioner is entitled to claim the child tax credit and the additional child tax credit for taxable years 2001 and 2002.

## Background

At the time of filing the petition, petitioner resided in Chesapeake, Virginia. Petitioner and Kenneth D. Royster, Sr. (Mr. Royster), were married on February 25, 1989, and had two children during their marriage. The couple separated during March 1997. On May 29, 1998, the Juvenile and Domestic Relations District Court for the City of Chesapeake, Virginia, issued an

order granting primary physical custody of the two children to Mr. Royster and liberal visitation to petitioner.[1] Petitioner and Mr. Royster were divorced on March 30, 2002. The divorce decree ordered petitioner to pay Mr. Royster $278.48 per month for child support.

Petitioner timely filed Forms 1040, U.S. Individual Income Tax Return, for taxable years 2001 and 2002. On her 2001 and 2002 returns, petitioner filed as a head of household and claimed two dependency exemptions for her two minor children, the earned income credit, and the additional child tax credit. On her 2002 return, petitioner also claimed the child tax credit. Petitioner did not attach to either return a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or other written declaration by Mr. Royster.

Respondent determined that petitioner was not eligible for head of household filing status because her children did not live with her for over half of each taxable year in issue, and that she was not eligible for any of the other claimed exemptions and credits. Accordingly, respondent determined a $4,898[2] deficiency

---

[1] According to the May 29, 1998, order, liberal visitation includes every other weekend and every other holiday.

[2] The Form 4549, Income Tax Examination Changes, attached to the notice of deficiency for taxable year 2001 shows that respondent applied a $4,489 overpayment from a subsequent tax year against petitioner's 2001 deficiency.

in tax for petitioner's 2001 taxable year and a $5,306[3] deficiency in tax for petitioner's 2002 taxable year and sent petitioner notices of deficiency on September 26 and August 22, 2003, respectively. Petitioner timely petitioned this Court, denying that she owed the deficiencies in taxes and requesting the refund of overpayments from subsequent tax years which respondent had used to offset her 2001 and 2002 tax liabilities.

## Discussion

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct and the burden of proving an error is on the taxpayer.[4] Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Custody is determined by the most recent divorce or custody decree. Sec. 1.152-4(b), Income Tax Regs. A noncustodial parent may be entitled to a dependency exemption deduction under section 151 if the noncustodial parent attaches to his or her tax return

---

[3]The amount stated in the notice of deficiency for taxable year 2002 was based on respondent's determination that petitioner's correct filing status was married filing separately. Respondent now concedes that petitioner's correct filing status is single and that the correct amount of the deficiency for taxable year 2002 is $5,186.

The Form 4549, Income Tax Examination Changes, attached to the notice of deficiency for taxable year 2002 shows that respondent applied a $4,027 overpayment from a subsequent tax year against petitioner's 2002 deficiency.

[4]Sec. 7491(a)(1) does not apply in the instant case because petitioner did not comply with the substantiation and document production requirements. See sec. 7491(a)(2).

a Form 8332 or similar written declaration, signed by the custodial parent, stating that the custodial parent will not claim the child as a dependent for the calendar year. Sec. 152(e)(2); <u>Miller v. Commissioner</u>, 114 T.C. 184 (2000). The divorce decree incorporated the May 29, 1998, custody order that granted primary physical custody to Mr. Royster. Petitioner, as the noncustodial parent, did not attach to her 2001 or 2002 return a Form 8332 or similar written declaration by Mr. Royster stating that he would not claim the children as dependents. Accordingly, we hold petitioner is not entitled to dependency exemption deductions for her children for taxable years 2001 and 2002.

In general, in order to qualify for head of household filing status, the earned income credit, the child tax credit, and the additional child tax credit, the taxpayer must show that she was entitled to a dependency exemption deduction for her child and/or the child lived with the taxpayer for over half of the taxable year. See secs. (2)(b)(1)(A), 32(a), (c), 24(a), (c). Petitioner did not provide credible evidence that her children lived with her for over half of each taxable year in issue[5], and, as noted above, petitioner is not entitled to dependency exemption deductions for her children for each taxable year in

---

[5]At trial, petitioner admitted that she did not have any evidence proving that her children lived with her for over half of each year in issue.

issue.  Accordingly, we hold petitioner is not entitled to file as a head of household or claim the earned income credit, the child tax credit, and the additional child tax credit for taxable years 2001 and 2002.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.